IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY G. KESLINKE,

    Petitioner,

v.

JOSIAS SALAZAR, Warden,
Sheridan - Federal Prison Camp,

    Respondent.

Civil No. 3:18-cv-01684-BR

OPINION AND ORDER

ANTHONY G. KESLINKE
19491-111
Sheridan - Federal Prison Camp
Inmate Mail/Parcels
P.O. Box 6000
Sheridan, OR  97378

    Petitioner *Pro Se*

BILLY J. WILLIAMS
United States Attorney
JARED HAGER
Assistant United States Attorney
1000 SW Third Avenue
Suite 600
Portland, OR  97204

1 - OPINION AND ORDER -

BROWN, Senior Judge.

Petitioner, an inmate at FPC Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1).

## BACKGROUND

Petitioner was convicted in the United States District Court for the Northern District of California on charges of Conspiracy to Commit Bank Fraud and Conspiracy to Launder Monetary Instruments, and was sentenced to 48 months of imprisonment and three years of post-prison supervised release. The Federal Bureau of Prisons ("BOP") approved Petitioner for early release to a Residential Reentry Center ("RRC") for 126 days. Petitioner wants an additional six weeks for a total of 179 days. Petitioner alleges the BOP violated his due process and equal protection rights by refusing to allow the additional six weeks of placement at a RRC.

Respondent contends Petitioner is not entitled to habeas corpus relief because Petitioner failed to exhaust his available administrative remedies, because this Court lacks subject matter jurisdiction to review the BOP's RRC placement decisions under 18 U.S.C. § 3625, and because, in any event, the BOP did not violate Petitioner's due process or equal protection rights. Although he was given the opportunity to do so, Petitioner did not file a reply brief addressing Respondent's arguments.

## LEGAL STANDARDS

Under 28 U.S.C. § 2241, a district court may grant habeas relief when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241).

## DISCUSSION

### I. Exhaustion of Administrative Remedies

A federal prisoner bringing a § 2241 claim to challenge the execution of his sentence must first exhaust his administrative remedies. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under 28 U.S.C. § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). Exhaustion under § 2241 is not, however, a jurisdictional requisite. *Id.*

The exhaustion requirement may be waived when pursuit of administrative remedies would be futile. *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993). Exhaustion has been held to be futile when the request for relief was denied based on an official policy or when administrative remedies are inadequate or

3 - OPINION AND ORDER -

ineffective, irreparable injury would result, or when administrative proceedings would be void. *See, e.g.*, *Ward*, 678 F.3d at 1045-46; *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004).

Respondent contends Petitioner did not exhaust his administrative remedies because he has not completed the administrative appeal process. Petitioner concedes he did not exhaust his administrative remedies before filing his Petition, but alleges that exhaustion would be futile and should be waived. Respondent counters that exhaustion is not futile because the highest reviewing official clearly would not be precluded by policy from reviewing and reversing the decisions of the Warden and Regional Direct to deny additional RRC time. This Court agrees. Notwithstanding Petitioner's failure to exhaust, however, in the interest of justice the Court addresses Petitioner's claims on the merits.

**II. Review of the BOP Decision**

In 18 U.S.C. § 3625, Congress barred federal courts from reviewing the BOP's individualized decision to designate an inmate for RRC placement. *See* 18 U.S.C. § 3625; *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). In *Reeb*, the Ninth Circuit explained the effect of § 3625:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to "any determination, decision, or

4 - OPINION AND ORDER -

order" made pursuant to 18 U.S.C. §§ 3621-3624. . . .
Accordingly, any substantive decision by the BOP to admit
a particular prisoner into RDAP, or *to grant or deny a
sentence reduction* for completion of the program, is not
reviewable by the district court.

*Reeb*, 636 F.3d at 1227 (emphasis added). The BOP's decision to approve Petitioner for less time in a RRC than Petitioner sought is a decision pursuant to 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c), and, accordingly, is not subject to judicial review.

In any event, Petitioner has no due process right to early release or placement in a RRC prior to the expiration of his sentence. *See Ingram v. Thomas*, Case No. CV 10-0320-MA, 2011 WL 1791234, at *4 (D. Or. May 10, 2011) (citing *Meachum v. Fano*, 427 U.S. 215 (1976); *Reeb*, 636 F.3d at 1229, n. 4; *Greenholtz v. Inmates of Neb. Penal Corr. Complex*, 442 U.S. 1, 7 (1979)). Finally, Petitioner offers no factual support for his equal protection claim, *i.e.*, that he was denied a longer placement in a RRC because of intentional discrimination based on Petitioner's membership in a protected class, or that he was treated differently than similarly situated individuals and there was no rational basis for doing so. *See Marigny v. Ives*, Case No. 3:16-cv-01921-PK, 2017 WL 1423949, at *3 (D. Or. Jan. 17, 2017) (citing *Reeb*, 636 F.3d at 1224, n.4; *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008)), *report and recommendation adopted by* 2017 WL 1429191 (D. Or. Apr. 20, 2017). Accordingly, Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1) and DISMISSES this action.

IT IS SO ORDERED.

DATED this 10th day of January, 2019.

_____
ANNA J. BROWN
United States Senior District Judge